BESSIE STRATTON, individually and     \*     IN THE
as Administrator of the ESTATE OF
TRAVIS MAXWELL STRATTON     \*     CIRCUIT COURT
Post Office Box 679
Melfa, VA  23410     \*     FOR

and     \*     BALTIMORE CITY

BESSIE STRATTON, individually and     \*
 as Administrator of the ESTATE OF
JONATHAN STRATTON-AYRES     \*
Post Office Box 679
Melfa, VA  23410     \*

and     \*

LEON AYRES, individually and as     \*
 Administrator of the ESTATE OF
REGINA M. AYRES     \*
22447 Accomac Road
Greenbush, VA  23357     \*

and     \*

GREGORY D. COBB, individually and     \*
as Administrator of the ESTATE OF
 JORDAN NICOLE AYRES     \*
5686 N. Nithsdale Drive
Salisbury, MD  21801     \*

and     \*

ZANETTA W. AYRES, individually     \*
and Administrator of the ESTATE
 OF ZARISSA C. AYRES     \*
22447 Accomac Road
Greenbush, VA  23357     \*

       Plaintiffs     \*     CASE NO.:

    v.     \*

    \*

[CAPTION CONTINUED ON FOLLOWING PAGE]

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

1

NATIONWIDE SOLUTIONS LLC                    *
8827 Shaffer Drive
Saint John, IN  46373                       *
**SERVE ON:**  Robert Harper
               Registered Agent             *
               8827 Shaffer Drive
               Saint John, IN  46373         *

and                                          *

YVENET MAYETTE                               *
605 Hickory Lane, Unit B
Seaford, DE  19973                           *

and                                          *

BRIDGE TRANSPORT CO., INC.                   *
1000 Old Dawson Village, Suite 120
Dawsonville, GA  30534                        *
**SERVE ON:**  Chris Moore
               Registered Agent             *
               55 Gold Creek Court
               Dawsonville, GA  30534         *

and                                          *

BLUE MARLIN LOGISTICS, LLC                   *
743 Elliott Family Parkway, Suite B
Dawsonville, GA  30534                         *
**SERVE ON:**  Warren H. Pennington
               Registered Agent             *
               273 Highway 136 West
               Dawsonville, Georgia 30534      *

**AND**                                      *

**SERVE ON:**  Chad Turpin, Owner            *
               273 Highway 136 West
               Dawsonville, GA  30534          *

and                                          *

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

[CAPTION CONTINUED ON FOLLOWING PAGE]

2

BLUE MARLIN LOGISTICS GROUP, INC.          *
P.O. Box 418
Dawsonville, GA  30534                              *
**SERVE ON**:  Chris Moore
                        Registered Agent               *
                        55 Gold Creek Court
                        Dawsonville, GA  30534       *

and                                                         *

STEIN FIBERS, LTD.                                  *
4 Computer Drive West, Suite 200
Albany, NY  12205                                   *
**SERVE ON**:  David E. Painter
                        Resident Agent                  *
                        5710 Old Concord Road
                        Charlotte, NC  28213         *

          Defendants.                               *          CASE NO.: 27c17W479 1

*          *          *          *          *          *          *          *          *          *          *          *

## COMPLAINT

NOW COMES Bessie Stratton, individually and as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres; Gregory D. Cobb, individually and as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, individually and as Administrator of the Estate of Regina M. Ayres; and Zanetta W. Ayres, individually and as Administrator of the Estate of Zarissa C. Ayres, Plaintiffs, by and through their undersigned counsel, and bring this civil action against Nationwide Solutions LLC ("Nationwide"), Yvenet Mayette ("Mayette"), Bridge Transport Co., Inc. ("Bridge Transport"), Blue Marlin Logistics, LLC and Blue Marlin Logistics Group, Inc. (hereinafter collectively referred to as "Blue Marlin"), and Stein Fibers, Ltd. ("Stein"), Defendants, and for all Plaintiffs' causes of action, state as follows:

**MILLER & ZOIS**

ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

3

## PARTIES

1.      Plaintiff Bessie Stratton is an adult and resident of Melfa, Virginia, and is the mother of Decedent Travis Maxwell Stratton and the grandmother of Decedent Jonathan Stratton-Ayres, a minor.

2.      At the time of his death, Travis Maxwell Ayres was an unmarried adult male and was the biological father of Jonathan Stratton-Ayres, minor.  The mother of Jonathan Stratton-Ayres was killed in the occurrence, which gives rise to this lawsuit.

3.      Plaintiff/ Gregory D. Cobb is an adult resident of Salisbury, Maryland, and is the father of Decedent Jordan Ayres, a minor.  The mother of Jordan Ayres was killed in the occurrence, which gives rise to this lawsuit.

4.      Plaintiffs Bessie Stratton and Gregory D. Cobb are primary beneficiaries in an action for wrongful death under Md. Cts. & Jud. Proc. §3-904(a).

5.      Plaintiff Bessie Stratton was appointed Administrator of the Estate of Travis Maxwell Stratton on January 15, 2015 by Order of the Clerk of the Accomack County Virginia Circuit Court under File Number: 201500028. (Exhibit 1).

6.   .   Plaintiff Bessie Stratton was appointed Administrator of the Estate of Jonathan Stratton-Ayres on December 30, 2016 by Order of the Clerk of the Accomack County Virginia Circuit Court under File Number: 201600285. (Exhibit 2).

7.      Plaintiff/ Gregory D. Cobb was appointed Administrator of the Estate of Jordan Ayres on March 22, 2017 by Order of the Clerk of the Accomack County Virginia Circuit Court under File Number 22598.  (Exhibit 3).

8.      Plaintiff Leon Ayres is an adult resident of Greenbush, Virginia, and is the father decedents Regina M. Ayres and Zarissa C. Ayres.

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

4

9.     Plaintiff Zanetta W. Ayres is an adult resident of Greenbush, Virginia, and is the mother of Decedent Regina M. Ayres and Zarissa C. Ayres.

10.    Plaintiff Leon Ayres was appointed Administrator of the Estate of Regina M. Ayres on January 13, 2015 by Order of the Clerk of the Accomack County Virginia Circuit Court under File Number: 201500015. (Exhibit 4).

11.    Plaintiff Zanetta W. Ayres was appointed Administrator of the Estate of Zarissa C. Ayres on July 11, 2016 by Order of the Clerk of the Superior Court for Orange County, North Carolina under File Number: 16E347. (Exhibit 5).

12.    Plaintiffs Leon Ayres and Zanetta W. Ayres are primary beneficiaries in an action for wrongful death under Md. Cts. & Jud. Proc. §3-904(a).

13.    There are no additional persons who may be entitled by law to recover damages as a result of the wrongful death of Travis Stratton, Jonathan Stratton-Ayres, and/or Jordan Ayres.

14.    Defendant Nationwide is an Indiana limited liability corporation which was formerly conducting business in Maryland and elsewhere as an authorized for hire commercial motor carrier under U.S. Dot # 2440785, hauling general freight.  Nationwide is currently under an 'Out-of-Service Order' from the Federal Motor Carrier Safety Administration and may not operate.

15.    Mayette is a Haitian national residing in Delaware, and, at the time of the occurrence complained of herein, was licensed as a commercial driver by the State of Pennsylvania.

16.    Bridge Transport is a Georgia corporation which conducts business in Maryland and elsewhere as an authorized for hire commercial motor carrier under U.S. Dot # 528973, hauling general freight, building materials, fresh produce, paper products, refrigerated food, and meat.

**MILLER & ZOIS**

ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202
———
410-553-6000

17.     Blue Marlin Transport Co., Inc. is a Georgia corporation, organized and existing under the laws of the State of Georgia.

18.     Blue Marlin Logistics, LLC is a Georgia limited liability company which conducts business in Maryland and elsewhere as a broker arranging transportation between shippers and a motor carriers.

19.     Stein is a New York corporation which conducts business in Maryland and elsewhere as a producer and supplier of polyester fiberfill and non-woven fibers.

## JURISDICTION AND VENUE

20.     Venue is proper in Baltimore City pursuant to Md. Cts. & Jud. Pro. Code §6-202(11) since Defendants are non-residents of Maryland and may be sued in any county in the State for causing tortious injury in Maryland.  Additionally, based upon information and belief, Defendants regularly engage in business in Maryland by providing transportation, brokerage, and shipping services for profit.

21.     There is personal jurisdiction over Defendants pursuant to Md. Cts. & Jud. Pro. Code § 6-103(a) (3).

## FACTS COMMON TO ALL COUNTS

22.     On January 10, 2015 at approximately 1:15 a.m., Zarissa C. Ayres was operating a 2006 Suzuki Forenza owned by Leon Ayres, traveling westbound on Route 50 at or near its intersection with Route 213 in Queen Anne's County, Maryland.

23.     At all times herein relevant, Jordan Nicole Ayres was seated as a passenger in the vehicle driven by Zarissa C. Ayres.

24.     At all times herein relevant, Jonathan Stratton-Ayres was seated as a passenger in the vehicle driven by Zarissa C. Ayres.

MILLER & ZOIS
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202
———
410-553-6000

6

25.   At all times herein relevant, Travis Stratton was seated as a passenger in the vehicle driven by Zarissa C. Ayres.

26.   At all times herein relevant, Regina Ayres was seated as a passenger in the vehicle driven by Zarissa C. Ayres.

27.   At the same time and approximate location, Defendant Mayette was operating a 2006 Columbia Freightliner tractor which was towing a 1998 Strick Dry Van Smooth Side enclosed trailer, both owned by Nationwide, heading southbound on Route 213 near Route 50 in Queen Anne's County, Maryland.

28.   As the vehicle occupied by the Ayres family was traveling straight on Route 50, Defendant Mayette failed to obey a red traffic signal at Route 213 and Route 50, entered the aforementioned intersection, and struck the vehicle occupied by the Ayres family.

29.   As a direct and proximate result of the collision, Jordan Ayres, Jonathan Stratton-Ayres, and Travis Stratton, (hereinafter collectively referred to as the "Decedents"), suffered personal injuries and death.

COUNT I
Negligence / Survival Action

(Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres v. Defendant Yvenet Mayette)

Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, hereby sue Defendant Yvenet Mayette, and state:

30.   Plaintiffs do hereby incorporate and re-allege all the statements and allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

31.    Defendant Mayette owed a duty of ordinary and reasonable care to Plaintiffs, and breached said duty of care by: (a) failing to maintain proper lookout and control of the vehicle she was operating; (b) failing to obey all traffic laws and regulations then and there existing; failing to obey traffic control devices; (c) failing to obey the laws of the State of Maryland; (d) failing to obey the laws and rules contained in the United States Code and the Federal Motor Carrier Safety Regulations ("FMCSR"); (e) failing to maintain proper speed for the conditions; (f) failing to reduce his speed or stop to avoid a collision; (g) failing to maintain a proper distance between vehicles; (h) entering the aforementioned intersection when it was unsafe to do so; (i) failing to maintain control of the Nationwide tractor trailer she was operating to avoid a collision; and (j) in other respects was careless, reckless, and/or negligent.

32.    As a result of the collision, Defendant Mayette was charged by the Queen Anne's County State's Attorney as follows:

a.    Failure to stop at a red light, contributing to a fatal crash;

b.    Failure to control speed to avoid a collision, contributing to a fatal crash;

c.    Negligent driving, which contributed to a fatal crash;

d.    Reckless driving;

e.    Driving a commercial vehicle in a condition likely to cause a crash, which contributed to a fatal crash;

f.    Driving a commercial vehicle with inoperative brakes on a combination vehicle, which contributed to a fatal crash;

g.    Driving a commercial vehicle with inadequate brake linings, contributing to a fatal crash;

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

h.   Driving a commercial vehicle after being on duty for 70 hours in eight consecutive days, contributing to a fatal crash;

i.   Driver of a commercial vehicle preparing a falsified record of duty status, which contributed to a fatal crash;

j.   Driver of property-carrying vehicle driving after 14 hours of having come on duty without 10 hours off duty, contributing to a fatal crash; and

k.   Driver of a property-carrying vehicle driving after having driven 11 hours without 10 hours off duty, contributing to a fatal crash.

33.   At the time of the collision, Defendant Mayette was a licensed "CDL driver" and an "employee" of Defendant Nationwide as those terms are defined in the Federal Motor Carrier Safety Regulations, (FMCSR).  As such, he had a duty to comply with the standards set forth in the FMCSR.

34.   Defendant Mayette breached this duty by committing seven (7) negligent acts and/or omissions of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 395, and these acts and omissions were a direct and proximate cause of the collision.

35.   As Personal Representatives, Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, claim all damages for Decedents recoverable under Maryland law.

36.   As a direct and proximate consequence of the negligence of Defendant Mayette, Decedents suffered pre-impact fright before their car was broadsided by Defendant Nationwide's

**MILLER & ZOIS**

ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

tractor trailer; they also experienced catastrophic injuries, conscious pain and suffering, and ultimately, death; and they incurred medical and funeral expenses, and lost income.

37.     All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Mayette, and were incurred without contributory negligence or assumption of risk on the part of Plaintiffs or Decedents, or an opportunity for Plaintiffs or Decedents to avoid the collision.

WHEREFORE, Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, each demand judgment against Defendant Yvenet Mayette in an amount in excess of $75,000.00, plus costs, pre-judgment interest, and post-judgment interest as this Honorable Court deems appropriate.

COUNT II<br>
Negligent Entrustment and Negligent Maintenance / Survival Action<br>
(Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres v. Defendant Nationwide)

Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, hereby sue Defendant Nationwide, and state:

38.     Plaintiffs do hereby incorporate and re-allege all the statements and allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

39.     The injuries, harm, and damages were incurred by Plaintiffs and Decedents as a result of Defendant Mayette's use of Defendant Nationwide's tractor trailer in a negligent and

**MILLER & ZOIS**<br>
ATTORNEYS AT LAW<br>
1 SOUTH STREET<br>
24TH FLOOR<br>
BALTIMORE, MD 21202<br>
<br>
410-553-6000

10

reckless manner, which, because of youth, inexperience, and/or prior actions, Defendant Nationwide knew, or had reason to know, was likely to occur and involve an unreasonable risk of harm to others.

40.     At the time the collision, Defendant Mayette was acting as the agent, servant, or employee of Defendant Nationwide.

41.     Defendant Nationwide, as the owner of the tractor trailer driven by Defendant Mayette, had the right to permit and the power to prohibit the use of said vehicle by Defendant Mayette.

42.     Defendant Nationwide knew or had reason to know that Defendant Mayette, because of youth, inexperience, and/or prior actions, was likely to drive in a negligent and reckless manner.

43.     In particular, Defendant Nationwide knew, prior to entrusting its tractor trailer to Defendant Mayette, that Defendant Mayette had a dangerous and unsafe driving history.

44.     In addition, Defendant Nationwide knew, prior to entrusting its tractor trailer to Defendant Mayette, that Defendant Mayette had a history of falsifying log books, not properly inspecting his vehicle, not properly maintaining his vehicle, and not properly reporting any defects in accordance with state and federal law prior to operating his vehicle on the roadway.

45.     Despite knowing these facts, Defendant Nationwide permitted Defendant Mayette to operate its tractor trailer on the date of the collision, and on the days leading up to the collision.

46.     As the owner of a commercial motor vehicle, Defendant Nationwide had a common law and a statutory duty to service, inspect, and maintain its vehicle, and Defendant Nationwide is responsible for any defect in its vehicle if it knew or had reason to know of the defect.

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202
‾‾‾‾‾
410-553-6000

11

47.     The tractor trailer owned by Defendant Nationwide and operated by Defendant Mayette had six (6) pre-collision safety violations with regard to its braking system in contravention of 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, and these defects were a direct and proximate cause of the collision.

48.     Defendant Nationwide knew, or, in the exercise of reasonable care in servicing, inspecting, and maintaining its vehicle, had reason to know, of these safety violations and defects.

49.     As Personal Representatives, Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, claim all damages for Decedents recoverable under Maryland law.

50.     As a direct result of Defendant's Nationwide's negligence in entrusting its tractor trailer to Defendant Mayette, who then operated the vehicle in a negligent and reckless manner causing the collision, Decedents suffered pre-impact fright before the vehicle in which they were riding was broadsided; they experienced catastrophic injuries, conscious pain and suffering, and ultimately, death; and they incurred medical expenses, funeral expenses, and lost income.

51.     All of the above damages were directly and proximately caused by the aforementioned negligent entrustment by Defendant Nationwide, and were incurred without contributory negligence or assumption of risk on the part of Plaintiffs or Decedents, or an opportunity for Plaintiffs or Decedents to avoid the collision.

WHEREFORE, Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and

**MILLER & ZOIS**

ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202
—
410-553-6000

Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, each demand judgment against Defendant Nationwide in an amount in excess of $75,000.00, plus costs, pre-judgment interest, and post-judgment interest as this Honorable Court deems appropriate.

## COUNT III
### Negligent Hiring, Training, Retention, and Supervision / Survival Action
(Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres v. Defendant Nationwide)

Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, hereby sue Defendant Nationwide, and state:

52. Plaintiffs do hereby incorporate and re-allege all the statements and allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

53. Defendant Nationwide had a duty to use reasonable care to select an employee, such as Defendant Mayette, who was competent and fit to perform the duties required of him, including the reasonable and safe operation of a commercial motor vehicle. Defendant Nationwide owed such a duty to Plaintiffs and Decedents, and Defendant Nationwide breached this duty.

54. Defendant Nationwide also had a duty to reasonably train and supervise Defendant Mayette in the performance of his job duties, including the reasonable inspection and operation of the tractor trailer owned by Defendant Nationwide and involved in the collision.

55. Defendant Nationwide knew or had reason to know that Defendant Mayette would be likely to inspect and operate its tractor trailer in a negligent and reckless manner causing an unreasonable risk of harm to other persons on the roadway.

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

56.     Defendant Nationwide breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position when it hired and retained Defendant Mayette, who then caused the collision.

57.     Defendant Nationwide failed to reasonably train and supervise Defendant Mayette when it knew he was likely to be unfit to diligently inspect and safely operate its tractor trailer.

58.     As Personal Representatives, Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres, Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, claim all damages for Decedents recoverable under Maryland law.

59.     As a direct and proximate result of Defendant Nationwide's negligence in hiring, retaining, training and supervising Defendant Mayette, Decedents suffered pre-impact fright before being broadsided by Defendant Nationwide's tractor trailer; they experienced catastrophic injuries, conscious pain and suffering, and, ultimately, death; and they incurred medical expenses, funeral expenses, and lost income.

60.     All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Nationwide, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiffs or Decedents, or an opportunity for Plaintiffs or Decedents to avoid the collision.

WHEREFORE, the Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, each demand judgment

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

14

against Defendant Nationwide in an amount in excess of $75,000.00, plus costs, pre-judgment interest, and post-judgment interest as this Honorable Court deems appropriate.

COUNT IV
Negligent Hiring, Monitoring, and Retention / Survival Action
(Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres v. Defendants Bridge Transport, Blue Marlin, and Stein.)

Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, hereby sue Defendants Bridge Transport, Blue Marlin, and Stein, and state:

61.    Plaintiffs do hereby incorporate and re-allege all the statements and allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

62.    At the time of the collision, Defendants Nationwide and Mayette were hauling Stein products being shipped from North Carolina to Pennsylvania under a transportation arrangement brokered by Defendants Bridge Transport and/or Blue Marlin.

63.    As defined in FMCSR § 371.2(a); 49 U.S.C. §13102(2), Defendants Bridge Transport and/or Blue Marlin were brokers of the transportation agreement that hired Defendants Nationwide and Mayette as the motor carrier for the Stein products shipment. (In this Count, Defendants Bridge Transport and/or Blue Marlin are hereinafter collectively referred to as the "Broker.")

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

64.    As defined in FMCSR § 376.2(k), Defendant Stein was a sophisticated shipper of goods being transported in interstate commerce.  (In this Count, Defendant Stein is hereinafter referred to as the "shipper.")

65.    Broker and Shipper had a duty to use reasonable care and due diligence to screen, investigate, and select a safe, competent, and reputable motor carrier; as well as a duty to continuously monitor the safety profile of Broker's stable of motor carriers.

66.    Additionally, Broker and Shipper had a duty to investigate and monitor the safety performance statistics of Defendants Nationwide and Mayette through, inter alia, the FMCSA's Safestat/Analysis and Information website (A&I); specifically, the Safety Measurement System, (SMS) and the Compliance, Safety, and Accountability program (CSA); to check general safety statistics; to check the claims history and insurance status of Defendants Nationwide's and Mayette; to review internal records of safety performance of Defendants Nationwide and Mayette; and to monitor the safety performance record of Defendants Nationwide and Mayette, and to refrain from aiding, abetting, or encouraging Defendants Nationwide and/or Mayette from violating the regulations of the FMCSA.

67.    Had Broker and Shipper reasonably and diligently investigated and monitored Defendants Nationwide and Mayette, they would have known or had reason to know that Defendants Nationwide and Mayette was likely to operate its tractor trailer in a negligent and reckless manner, causing an unreasonable risk of harm to other persons on the roadway.

68.    Broker and Shipper breached their respective duty to use reasonable care and due diligence to screen, investigate, and select a motor carrier that was safe, competent, and reputable when they selected, hired, and retained Defendants Nationwide and Mayette; failed to monitor the

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

16

safety performance record of Defendants Nationwide ad Mayette; and aided, abetted, and encouraged Defendants Nationwide and Mayette to violate FMCSA regulations.

69.     Broker and Shipper are subject to liability for the harm to Plaintiffs and Decedents caused by their respective failures to exercise reasonable care to employ a competent and careful motor carrier to transport goods in interstate commerce by truck, as this operation involved a risk of harm unless it was skillfully and carefully done. Restatement (Second) of Torts §411.

70.     As an entity carrying on an activity which can be lawfully carried out only under a franchise granted by a public authority, and which involves an unreasonable risk of harm to others, Broker and Shipper are subject to liability for the harm to Plaintiffs and Decedents by the negligence of Defendants Nationwide and Mayette, whom they hired to do work in carrying on that activity. Restatement (Second) of Torts § 428.

71.     As Personal Representatives, Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, claim all damages for Decedents recoverable under Maryland law.

72.     As a direct and proximate result of the negligence on the part of Broker and Shipper in selecting, hiring, retaining, and failing to monitor Defendants Nationwide and Mayette, Decedents suffered pre-impact fright before being broadsided by Defendant Nationwide's tractor trailer; they experienced catastrophic injuries, conscious pain and suffering, and, ultimately, death; and they incurred medical expenses, funeral expenses, and lost income.

73.     All of the above damages were directly and proximately caused by the aforementioned negligence of Broker and Shipper, and were incurred without contributory

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202
———
410-553-6000

negligence or assumption of risk on the part of Plaintiffs or Decedents, or an opportunity for Plaintiffs or Decedents to avoid the collision.

WHEREFORE, Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, each demand judgment against Defendants Bridge Transport, Blue Marlin, and Stein, and each of them, in an amount in excess of $75,000.00, plus costs, pre-judgment interest, and post-judgment interest as this Honorable Court deems appropriate.

COUNT V

Agency/Respondeat Superior / Survival Action

((Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres; Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres v. Defendants Bridge Transport, Blue Marlin, and Stein.)

Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell and Jonathan Stratton-Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres, Leon Ayres, as Administrator of the Estate of Regina M. Ayres, Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, hereby sue Defendants Bridge Transport, Blue Marlin, and Stein, and state:

74. Plaintiffs do hereby incorporate and re-allege all the statements and allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

75. The above-described acts and omissions of Defendant Mayette occurred while he was acting as the agent, servant, or employee of Defendants.

**MILLER & ZOIS**

ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

18

76.     The above-described acts and omissions of Defendant Mayette were committed while in the scope of his agency/employment and while furthering the business interests of, and while subject to the rules and regulations of, Defendants.

77.     In particular, at the time of the collision, Defendant Mayette was employed by Defendant Nationwide to transport products for the benefit of Defendant Stein under an agreement brokered by Defendants Bridge Transport and/or Blue Marlin.

78.     At all times, Defendants exercised control of the means and method of this transport.

79.     This control included, but was not limited to, Defendant Nationwide's compensating and controlling Defendant Mayette, and providing him with the resources to accomplish the delivery, and by the imposition and controlling rules, regulations, and requirements of Defendants Stein, Bridge Transport, and Blue Marlin concerning the pick-up, transport, and delivery by Defendants Nationwide and Mayette.

80.     As Personal Representatives, Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell Stratton and Jonathan Edward Ayres, Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayres, Leon Ayres, as Administrator of the Estate of Regina M. Ayres, and Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, claim all damages for Decedents recoverable under Maryland law.

81.     As a direct and proximate result of Defendants' negligence, Decedents suffered pre-impact fright before being broadsided by Defendant Nationwide's tractor trailer; they experienced catastrophic injuries, conscious pain, and suffering, and, ultimately, death; and they incurred medical expenses, funeral expenses, and lost income.

**MILLER & ZOIS**

ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

82.     All of the above damages were directly and proximately caused by the aforementioned negligence of Defendants, and were incurred without contributory negligence or assumption of risk on the part of Plaintiffs or Decedents, or an opportunity for Plaintiffs or Decedents to avoid the collision.

WHEREFORE, Plaintiffs Bessie Stratton, as Administrator of the Estates of Travis Maxwell and Jonathan Stratton-Ayers; Gregory D. Cobb, as Administrator of the Estate of Jordan Nicole Ayers; Leon Ayres, as Administrator of the Estate of Regina M. Ayres; Zanetta W. Ayres, as Administrator of the Estate of Zarissa C. Ayres, each demand: judgment against Defendants Nationwide; Yvenet Mayette, Bridge Transport, Blue Marlin, and Stein, in an amount in excess of $75,000.00, plus costs, pre-judgment interest, and post-judgment interest as this honorable Court deems appropriate.

COUNT VI
Wrongful Death
(Plaintiffs Bessie Stratton, Gregory D. Cobb, Leon Ayres, and Zanetta W. Ayres, individually, as wrongful death beneficiaries v. Defendants)

Plaintiffs Bessie Stratton, Gregory D. Cobb, Leon Ayres, and Zanetta W. Ayres, individually, as wrongful death beneficiaries, hereby sue Defendants Nationwide, Yvenet Mayette, Bridge Transport, Blue Marlin, and Stein, and state:

83.     Plaintiffs do hereby incorporate and re-allege all the statements and allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

84.     Decedents' deaths were directly and proximately caused by the negligence, negligent maintenance, and negligent entrustment, hiring, training, retention and supervision, of Defendants Nationwide, Yvenet Mayette, Bridge Transport, Blue Marlin, and Stein, as referenced in the foregoing paragraphs of the Complaint.

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

85.    Plaintiffs Bessie Stratton, Gregory D. Cobb, Leon Ayres, and Zanetta W. Ayres are Decedents' wrongful death beneficiaries, and claim all damages recoverable under §3-904 of the Maryland Courts and Judicial Proceedings Article.

86.    As a direct and proximate result of the negligence on the part of Defendants, Plaintiffs, as wrongful death beneficiaries, sustained damages in the form of economic and non-economic losses, including mental anguish, emotional pain and suffering, and the loss of society, loss of companionship, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, loss of counsel or guidance. Plaintiffs individually have experienced and will experience in the future other damages arising from the death of Decedents.

87.    All of the above damages were directly and proximately caused by the breach of the duties owed to Plaintiffs and Decedents by Defendants, and all of the aforementioned damages were proximately caused by the negligence of Defendants, and each of them, and were incurred without contributory negligence or assumption of risk on the part of Plaintiffs or Decedents, or any opportunity for them to avoid the collision or the harms suffered and claimed herein.

WHEREFORE, Plaintiffs Bessie Stratton, individually, Gregory D. Cobb, individually, Leon Ayres, individually, and Zanetta W. Ayres, individually, as wrongful death beneficiaries, each demand judgment against Defendants Nationwide, Yvenet Mayette, Bridge Transport, Blue Marlin, and Stein, in an amount in excess of $75,000.00, plus costs, pre-judgment interest, and post-judgment interest as this honorable Court deems appropriate.

**MILLER & ZOIS**

ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

21

## COUNT VII
### Agency/Respondeat Superior / Wrongful Death Action
(Plaintiffs Bessie Stratton, Gregory D. Cobb, Leon Ayres, and Zanetta W. Ayres, individually, as wrongful death beneficiaries v. Defendants)

Plaintiffs Bessie Stratton, Gregory D. Cobb, Leon Ayres, and Zanetta W. Ayres, as wrongful death beneficiaries, hereby sue Defendants Nationwide, Yvenet Mayette, Bridge Transport, Blue Marlin, and Stein, and state:

88.     Plaintiffs do hereby incorporate and re-allege all the statements and allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

89.     The above-described acts and omissions of Defendant Mayette occurred while he was acting as the agent, servant, or employee of Defendants.

90.     The above-described acts and omissions of Defendant Mayette were committed while in the scope of his agency/employment and while furthering the business interests of, and while subject to the rules and regulations of, Defendants.

91.     In particular, at the time of the collision, Defendant Mayette was employed by Defendant Nationwide to transport products for the benefit of Defendant Stein under an agreement brokered by Defendants Bridge Transport and/or Blue Marlin.

92.     At all times, Defendants exercised control of the means and method of this transport.

93.     This control included, but was not limited to, Defendant Nationwide's compensating and controlling Defendant Mayette, and providing him with the resources to accomplish the delivery, and by the imposition and controlling rules, regulations, and requirements of Defendants Stein, Bridge Transport, and Blue Marlin concerning the pick-up, transport, and delivery by Defendants Nationwide and Mayette.

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

22

94.     Plaintiffs Bessie Stratton, Gregory D. Cobb, Leon Ayres, and Zanetta W. Ayres are Decedents' wrongful death beneficiaries under §3-904 of the <u>Maryland Courts and Judicial Proceedings Article</u>.

95.     As a direct and proximate result of Defendants' negligence, Plaintiffs, as wrongful death beneficiaries, sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of filial care, loss of attention, loss of advice, loss of protection, loss of training, loss of guidance, loss of education, and other damages arising out of the death of Decedents.

96.     All of the above damages were directly and proximately caused by the aforementioned negligence of Defendants, and were incurred without contributory negligence or assumption of risk on the part of Plaintiffs or Decedents, or an opportunity for Plaintiffs or Decedents to avoid the collision.

WHEREFORE, Plaintiffs Bessie Stratton, Gregory D. Cobb, Leon Ayres, and Zanetta W. Ayres, as wrongful death beneficiaries, each demand: judgment against Defendants Nationwide, Yvenet Mayette, Bridge Transport, Blue Marlin, and Stein, in an amount in excess of $75,000.00, plus costs, pre-judgment interest, and post-judgment interest as this honorable Court deems appropriate.

Respectfully submitted,

**MILLER & ZOIS, LLC**

Ronald V. Miller, Jr.
1 South Street, Suite 2450
Baltimore, Maryland 21202
Ph: (410) 553-6000
Fax: (844) 712-5151
*Attorneys for Plaintiffs*

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

23

GORDON FEINBLATT, LLC


Timothy J. Capurso
233 E. Redwood Street, 7th Floor
Baltimore, Maryland  21202
(410) 576-4110
tcapurso@gfrlaw.com
*Attorneys for Plaintiffs*

**MILLER & ZOIS**
ATTORNEYS AT LAW
1 SOUTH STREET
24TH FLOOR
BALTIMORE, MD 21202

410-553-6000

24